IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JESUS SANDOVAL, #39494-177, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL NO. 3:17-CV-0393-M-BK |
| | § | (Criminal No. 3:09-CR-320-M-2) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was automatically referred to the United States Magistrate Judge. Petitioner, a federal prisoner, filed a *pro se* petition for writ of error *coram nobis* under 28 U.S.C. § 1951. Doc. 3. Upon review of the relevant pleadings and applicable law, it is recommended that the *coram nobis* petition be construed as a successive motion to vacate sentence under 28 U.S.C. § 2255 and **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit.

**I. ANALYSIS**

Pursuant to a plea agreement, Petitioner pled guilty to one count of conspiracy to commit bank robbery and two counts of using, carrying, and brandishing a firearm during and in relation to, and possessing a firearm in furtherance of, a crime of violence. Crim. Doc. 226. On September 25, 2013, Petitioner was sentenced to 480 months' imprisonment. *Id.* Although he did not pursue a direct appeal, he later unsuccessfully sought relief under 28 U.S.C. § 2255. *See Sandoval v. United States*, No. 3:14-CV-01830-M-BK, 2015 WL 4366812 (N.D. Tex. Jul. 15, 2015) (accepting recommendation of the magistrate judge and denying relief), *appeal dismissed as untimely*, No. 15-10970 (5th Cir. Jan. 22, 2016). Petitioner also sought leave to file a successive section 2255 motion, arguing that he should not have received an additional

consecutive sentence for the second 18 U.S.C. § 924(c) offense, but the Court of Appeals denied his motion.  *In re Sandoval*, No. 16-10765 (5th Cir. Nov. 23, 2016).

In the petition *sub judice*, Petitioner argues that his second conviction under 28 U.S.C. § 924(c)(1) must be vacated based on the void-for-vagueness doctrine and *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551, 2563 (2015), which held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA), 28 U.S.C. § 924(e), violates the Constitution's guarantee of due process.  Doc. 3 at 1-2.

However, *coram nobis* relief is unavailable while a defendant is still in custody.  *Coram nobis* relief is available only to a defendant "no longer in custody who seeks to vacate his conviction in circumstances where 'the petitioner can demonstrate that he is suffering civil disabilities as a consequence of the criminal convictions and that the challenged error is of sufficient magnitude to justify the extraordinary relief.'"  *United States v. Castro*, 26 F.3d 557, 559 (5th Cir.1994) (quoting *United States v. Marcello*, 876 F.2d 1147, 1154 (5th Cir.1989)).  Petitioner is currently serving the 480-month sentence imposed in criminal case number 3:09-CR-00320-M-2.  Because he is still in custody on the federal sentence that he seeks to challenge in this action, the Court lacks jurisdiction over his petition.

Moreover, Petitioner cannot use a writ of *coram nobis* to circumvent the limitations imposed on filing a successive section 2255 motion.  *See United States v. Smith*, 308 Fed. Appx. 842, 843 (5th Cir. 2009) (*per curiam*) (construing *pro se coram nobis* petition, which challenged calculation of sentence and claimed ineffective assistance of trial counsel, as a successive section 2255 because *coram nobis* was unavailable while defendant was in custody).  Thus, it is appropriate to treat Petitioner's *coram nobis* petition as a successive section 2255 motion, and transfer it to the United States Court of Appeals for the Fifth Circuit.  *See Henderson v. Haro*,

282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997); 28 U.S.C. § 2255(h) (before a petitioner may file a successive application in the district court, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the applicant makes the requisite prima facie showing); *see also* 28 U.S.C. § 2244(b)(3).

## II. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of *coram nobis* be construed as a successive motion to vacate sentence under 28 U.S.C. § 2255 and **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit. *See* 28 U.S.C. § 2244(b)(3).

SIGNED February 22, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

3

**INSTRUCTIONS FOR SERVICE AND**
**<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In <u>order</u> to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE